UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BOOKER,<br><br>　　　　　　　Petitioner<br><br>　v.<br><br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>　　　　　　　Respondents | Case No. 2:22-cv-02077-CDS-BNW<br><br>ORDER |

　　　　Petitioner David Booker proceeding *pro se* has filed a purported habeas petition that is not on the court-required form. ECF No. 1-1. In addition, Booker has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP").

　　　　Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Booker has until January 20, 2023, to either pay the $5 filing fee or submit a complete IFP application with all required documentation.

　　　　Further, Booker did not file his petition on the appropriate form or in substantial compliance with the form but, instead, hand-wrote a petition on blank paper. His hand-written petition fails to disclose the required information. The form is important as it provides the Court with necessary information to conduct preliminary review of the petition. Accordingly, by

January 20, 2023, Booker must also file an amended petition on the Court's form.[1] In doing so, Booker is advised to follow the instructions on the form and to refrain from lengthy legal or factual argument. Booker must clearly title the amended petition as such, and he must place the case number, 2:22-cv-02077-CDS-BNW, in the designated space.

Additionally, the Court notes that Booker's petition appears to seek federal judicial intervention in a pending state criminal proceeding.[2] The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The United States Supreme Court has instructed that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (stating that federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *See Younger*, 401 U.S. at 46.

Moreover, a state defendant seeking federal habeas relief to restrain ongoing state criminal proceedings must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *See, e.g., Arevalo v. Hennessy*, 882 F.3d 763, 764-67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state

---

[1] Booker remains responsible at all times for calculating the applicable statute of limitations. By ordering Booker to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx), which shows *State of Nevada v. David Booker*, C-22-369275-1, is still pending.

criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980).

If Booker chooses to submit an amended petition, the Court will conduct an initial evaluation based the *Younger* abstention doctrine and any other applicable legal standards.

**IT IS THEREFORE ORDERED** that the Clerk of Court send Booker (1) one blank copy of the IFP application form for inmates along with instructions, (2) one blank copy of the form petition for a writ of habeas corpus under 28 U.S.C. § 2241 along with instructions, and (3) two copies of this order.

**IT IS FURTHER ORDERED** that Booker must file a completed IFP application on the Court's form on or before January 20, 2023, and must include: (1) a financial certificate signed by Booker and an authorized prison official; (2) Booker's financial acknowledgement and declaration; and (3) a copy of his inmate account statement for the six-month period prior to filing. Alternatively, Booker must pay the $5 filing fee on or before January 20, 2023. If Booker decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

**IT IS FURTHER ORDERED** that Booker must file an amended petition on the Court's form on or before January 20, 2023, by labeling it "Amended Petition" and placing the case number, 2:22-cv-02077-CDS-BNW, in the designated space.

**IT IS FURTHER ORDERED** that Booker's failure to comply with this Order on or before the January 20, 2023, deadline: (a) by submitting a completed IFP application with the required documents or paying the filing fee; and (b) by amending the petition, will result in the dismissal of this action without prejudice and without further advance notice.

DATED: December 19, 2022

_____
UNITED STATES DISTRICT JUDGE