UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BOOKER,<br><br>　　　　　　　　　Petitioner<br><br>　　v.<br><br>CLARK COUNTY DETENTION CENTER, *et al.*,<br><br>　　　　　　　　　Respondents | Case No. 2:22-cv-02077-CDS-BNW<br><br>ORDER |

*Pro se* Petitioner David Booker ("Booker" or "Petitioner") has filed a Petition for Writ of Habeas Corpus. ECF No. 5 ("Petition"). This matter comes before this court on initial review. For the reasons discussed below, this court finds that the Petition is unexhausted and dismisses it without prejudice.

I.     BACKGROUND

Booker challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. David Booker*, Case No. C-22-369275-1.[1] On November 4, 2022, the State filed an information charging Booker with attempted battery with substantial bodily harm. Booker entered a guilty plea on November 7, 2022. Booker was sentenced on December 19, 2022. A judgment of conviction has yet to be entered. A search of the Nevada state appellate courts' docket reflects that Booker has not sought appellate review in any capacity.

On or about December 15, 2022, Booker initiated this federal habeas corpus proceeding by filing a letter with the clerk. ECF No. 1-1. The court instructed Booker to either file an

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court. These docket records may be accessed at https://www.clarkcountycourts.us/Anonymous/default.aspx.

application to proceed *in forma pauperis* or pay the $5.00 filing fee. ECF No. 3. The court also instructed Booker to file a petition on the court's form. *Id.* Booker timely complied with both requirements. ECF Nos. 4, 5.

In his Petition, Booker alleges the following grounds for relief: (1) he was convicted on false evidence because an assault never occurred, (2) bail was never addressed, (3) his counsel was ineffective, and (4) he was sentenced based on false information. ECF No. 5 at 6–7. Booker asks this court for a "full pardon." *Id.* at 7.

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state

court the same operative facts and legal theory upon which his federal claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Booker has not alleged or demonstrated that he has fully exhausted his state court remedies. *See, e.g., Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that a California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973) (holding that pretrial detainee in state custody must exhaust available state court remedies for federal court to consider detainee's constitutional claims). Indeed, Booker stated that he just filed a notice of appeal of his yet-to-be-filed judgment of conviction on December 22, 2022, and he is still waiting on a response. ECF No. 5 at 2.

Booker has outstanding avenues of state court relief, including, but not limited to, motions, petitions for mandamus relief (Nev. Rev. Stat. § 34.150 et seq.), and petitions for habeas relief (Nev. Rev. Stat. § 34.360 et seq.). Moreover, Booker may seek recourse in Nevada's appellate courts. *See Fair v. Clifton*, No. 3:20-cv-00460, 2020 WL 7711925, at *2 (D. Nev. Dec. 28, 2020) (finding that a petitioner, who was "being held as a pretrial detainee at Lakes Crossing by state authorities" and "had not been arraigned on charges or given a bond hearing for 100 days," failed to demonstrate that he had fully exhausted his state court remedies to Nevada's appellate courts even though he challenged the state justice court's incompetency finding to the state district court). As a matter of simple comity, this court is not inclined to intervene prior to giving the Nevada courts an opportunity to redress any violation of Booker's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").

Accordingly, the Petition will be dismissed without prejudice for lack of exhaustion. If necessary, Booker may file a new federal habeas petition—in a new case with a new case number and a new, completed application to proceed *in forma pauperis* with the required financial information—upon exhaustion of his state court remedies.

### III. CONCLUSION

It is therefore ordered that the Petition for Writ of Habeas Corpus (ECF No. 5) is **DISMISSED without prejudice**.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to informally electronically service Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and sending a notice of electronic filing to his office of this order and all other filings in this matter. No response is required from Respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of the Court is directed to enter final judgment dismissing this action without prejudice and close this case.

DATED this 9th day of January 2023.

_____
UNITED STATES DISTRICT JUDGE